UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DANIEL B. MASSON,**

    **Petitioner,**

v.                                                    Case No. 8:21-cv-750-TPB-UAM

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    **Respondent.**
_____/

## ORDER DENYING MOTION TO DISMISS PETITION

Daniel B. Masson, a Florida prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 2.) Respondent moved to dismiss the petition as untimely, (Doc. 14), and Masson filed a reply opposing dismissal, (Doc. 18). For the reasons that follow, the Court **DENIES** the motion to dismiss.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-

1

conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

Masson's convictions became final on October 7, 2019, when the United States Supreme Court denied his petition for writ of certiorari. (Doc. 14-2, Ex. 10.) AEDPA's one-year statute of limitations began to run the next day. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("AEDPA's one-year limitation period begins to run from the day after the Supreme Court enters an order denying the petition for writ of certiorari."). The limitation period ran for 342 days until September 14, 2020, when Masson filed a petition alleging ineffective assistance of appellate counsel. (Doc. 14-2, Ex. 12.) The state appellate court struck the petition for exceeding the page limit and gave Masson 90 days to file a procedurally proper petition. (*Id.*, Ex. 13.) Masson complied by filing an amended petition, which the state appellate court denied on March 10, 2021. (*Id.*, Exs. 14, 15.) Accordingly, the limitation period remained tolled until March 25, 2021, when the 15-day period for Masson to file a motion for rehearing expired. *See King v. Sec'y, Fla. Dep't of Corr.*, No. 16-14160-F, 2017 WL 6760186, at *2 (11th Cir. Jan. 5, 2017) (limitation period remained tolled until expiration of "the 15-day period . . . to file a motion for rehearing" in District Court of Appeal).

The limitation period resumed the next day, leaving Masson 23 days—or until April 19, 2021—to file his § 2254 petition. Masson met that deadline

by filing his petition on March 29, 2021. (Doc. 2 at 43.) Therefore, the petition is timely.

Respondent resists this conclusion, contending that Masson's initial petition alleging ineffective assistance of appellate counsel did not toll the limitation period because it was not "properly filed." (Doc. 14 at 4.) This argument lacks merit. As explained above, the state appellate court struck the initial petition for exceeding the page limit and gave Masson 90 days to amend. Masson complied, and the state appellate court denied his amended petition on the merits. The Eleventh Circuit has made clear that a procedurally compliant postconviction motion "relates back to the date of filing of a noncompliant motion, such that the compliant motion was 'properly filed' and 'pending' as of that date for purposes of tolling the limitations period in [§] 2244." *Bates v. Sec'y, Dep't of Corr.*, 964 F.3d 1326, 1328 (11th Cir. 2020); *see also Spencer v. Dixon*, No. 21-61121-CV, 2022 WL 18457282, at *3 n.5 (S.D. Fla. Nov. 8, 2022) ("For purposes of the timeliness of this federal proceeding, the amended petition [alleging ineffective assistance of appellate counsel] complied with the appellate court's order so that its filing relates back to the date the original, non-compliant petition was filed."). Thus, because the limitation period tolled on the date of Masson's initial, noncompliant pleading, he timely filed his § 2254 petition in federal court.

Accordingly, it is **ORDERED** that:

1. Respondent's motion to dismiss the petition as time-barred (Doc. 14) is **DENIED**.

2. Masson's motion for a ruling (Doc. 24) is **GRANTED** to the extent that this Order resolves the timeliness of the petition.

3. No later than **60 DAYS** from the date of this Order, Respondent must submit a supplemental response addressing the merits of the petition. No later than **30 DAYS** after Respondent submits the supplemental response, Masson may file a reply. The reply must not exceed 20 pages.

4. The Clerk is **DIRECTED** to **STAY** and **ADMINISTRATIVELY CLOSE** this case until the parties submit the supplemental briefs.

**DONE and ORDERED** in Tampa, Florida, this 11th day of August, 2023.

                **TOM BARBER**
                **UNITED STATES DISTRICT JUDGE**