## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DANIEL B. MASSON,**

      **Petitioner,**

**v.**                                **Case No. 8:21-cv-750-TPB-UAM**

**SECRETARY, DEPARTMENT**
**OF CORRECTIONS,**

      **Respondent.**

_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Daniel B. Masson, a Florida prisoner, timely filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 2). Having considered the petition, Respondent's response in opposition to the petition (Doc. 26), and Masson's reply (Doc. 27), the Court **DENIES** the petition.

## Background

In August 2016, law enforcement received a tip about five images of suspected child pornography on a Skype account. (Doc. 26-2, Ex. 3, at 86). Police discovered that the account belonged to Masson. (*Id.* at 87-88). Soon after, members of the Tampa Police Department executed a search warrant at Masson's house. (*Id.*, Ex. 2). They found "a plethora of computers and computer[-]related equipment" in Masson's bedroom. (Doc. 26-3, Ex. 27, at 141). Thumb drives recovered from the bedroom contained "at least 100

1

images/videos that constituted child pornography." (*Id.* at 142). In addition, an external hard drive contained "approximately 14,000 images of nude children (most being child pornography), along with approximately 1,000 videos of nude children (most constituting child pornography)." (*Id.*)

During the search, law enforcement interviewed Masson in a patrol car outside his house. (*Id.* at 144). After waiving his *Miranda* rights, Masson "admitted to possessing thousands of images of child pornography involving children ages 6 to 9, either posing or engaged in a sex act." (Doc. 26-2, Ex. 2, at 73).

Masson was charged with 100 counts of possession of child pornography (10 or more images). (*Id.*, Ex. 4). After unsuccessfully moving to suppress his post-*Miranda* statements and the evidence obtained from the search, Masson pled guilty to all counts. (*Id.*, Exs. 9, 10, 11). In accordance with the parties' agreement, the trial court sentenced Masson to 10 years in prison followed by 10 years of sex-offender probation. (*Id.*, Ex. 13). The state appellate court *per curiam* affirmed the convictions, and the United States Supreme Court denied Masson's petition for writ of certiorari. (*Id.*, Exs. 19, 25). Masson subsequently filed a petition alleging ineffective assistance of appellate counsel. (Doc. 26-4, Ex. 29). The state appellate court denied the petition without explanation. (*Id.*, Ex. 30). This federal habeas petition followed. (Doc. 2).

2

## <u>Standards of Review</u>

**AEDPA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs
this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009).
Habeas relief can be granted only if a petitioner is in custody "in violation of
the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).
Section 2254(d) provides that federal habeas relief cannot be granted on a
claim adjudicated on the merits in state court unless the state court's
adjudication:

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

A decision is "contrary to" clearly established federal law "if the state
court arrives at a conclusion opposite to that reached by [the Supreme] Court
on a question of law or if the state court decides a case differently than [the
Supreme] Court has on a set of materially indistinguishable facts." *Williams
v. Taylor*, 529 U.S. 362, 412-13 (2000). A decision involves an "unreasonable
application" of clearly established federal law "if the state court identifies the
correct governing legal principle from [the Supreme] Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694; *see also Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

In an unexplained decision, the state appellate court denied Masson's petition alleging ineffective assistance of appellate counsel. That decision warrants deference under § 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir. 2002). When a state appellate court issues a silent affirmance, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide

a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

**Ineffective Assistance of Counsel**

Masson alleges ineffective assistance of appellate counsel. Ineffective-assistance-of-appellate-counsel claims are analyzed under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a showing of deficient performance by counsel and resulting prejudice. *Id.* at 687. "Appellate counsel has no duty to raise every non-frivolous issue and may reasonably weed out weaker (albeit meritorious) arguments." *Overstreet v. Warden*, 811 F.3d 1283, 1287 (11th Cir. 2016). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Id.* (internal quotation marks and citation omitted). Appellate counsel's "performance will be deemed prejudicial if . . . the neglected claim would have a reasonable probability of success on appeal." *Tuomi v. Sec'y, Fla. Dep't of Corr.*, 980 F.3d 787, 795 (11th Cir. 2020) (internal quotation marks and citation omitted).

Obtaining relief on a claim of ineffective assistance of counsel is difficult on federal habeas review because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (internal quotation

5

marks and citations omitted). "The question [on federal habeas review of an ineffective assistance claim] 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

## Discussion

### Ground One

Masson contends that appellate counsel was ineffective for failing to argue on direct appeal that the charging information was "fundamentally defective." (Doc. 2 at 7). According to Masson, the information was deficient in two respects. First, it allegedly "fail[ed] to satisfy the factual specificity requirements set forth by the" Sixth and Fourteenth Amendments. (*Id.*) Second, the information allegedly "misled" Masson "as to the nature of the charges" by failing to disclose that "lewdness" was "an essential element of the offense" of possession of child pornography. (*Id.* at 8-9).

The state appellate court rejected this ineffective-assistance claim without explanation. (Doc. 26-4, Ex. 30). Thus, Masson must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. He cannot meet his burden.

6

"Appellate counsel is not ineffective for failing to raise claims reasonably considered to be without merit." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (internal quotation marks and citation omitted). Masson's two challenges to the information are frivolous. Therefore, appellate counsel was not deficient for failing to raise them.

Start with Masson's contention that the information lacked sufficient "factual specificity." (Doc. 2 at 7). An information "is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Stavroulakis*, 952 F.2d 686, 693 (11th Cir. 1992). "Those requirements are satisfied by an [information] that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime." *United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. 1983).

The information in Masson's case was legally sufficient. It charged him with 100 counts of possession of child pornography (10 or more images) in violation of Fla. Stat. § 827.071(5)(a). (Doc. 26-2, Ex. 4). At the time, that statute made it a third-degree felony "for any person to knowingly possess, control, or intentionally view a photograph, motion picture, exhibition, show, representation, image, data, computer depiction, or other presentation which, in whole or in part, he or she knows to include any sexual conduct by a child."

Fla. Stat. § 827.071(5)(a) (2016). A violation of this statute would be "reclassified" to a second-degree felony if (1) "[t]he offender possesse[d] 10 or more images of any form of child pornography regardless of content"; and (2) "[t]he content of at least one image contain[ed]" "[a] child who is younger than the age of 5," "[s]adomasochistic abuse involving a child," "[s]exual battery involving a child," "[s]exual bestiality involving a child," or "[a]ny movie involving a child." Fla. Stat. § 775.0847(2) (2016).

The information in Masson's case "track[ed] the wording of the[se] statute[s]" and "set[] forth the essential elements of the crime." *Yonn*, 702 F.2d at 1348. Each of the 100 counts contained identical language. Count One, for example, alleged that "on the 18th day of October 2016, in the County of Hillsborough and State of Florida," Masson "did knowingly possess, control, or intentionally view a photograph, motion picture, exhibition, show, representation, image, data, computer depiction, or other presentation which, in whole or in part, he knew to include any sexual conduct by a child." (Doc. 26-2, Ex. 4, at 21). Count One further alleged that (1) Masson "did possess ten [] or more images of any form of child pornography regardless of content"; and (2) "at least one image" contained "a child younger than the age of five," "sadomasochistic abuse involving a child," "sexual battery involving a child," "sexual bestiality involving a child," or "any movie involving a child." (*Id.*) In

addition, the information cited the relevant statutory provisions—Fla. Stat. §§ 827.071(5)(a) and 775.0847(2)-(3). (*Id.* at 1-21).

Thus, the information "both provided the citation to the specific statutes for the offense and used language nearly identical to the statute, which contained all the essential elements of the crime." *Sneed v. Fla. Dep't of Corr.*, 496 F. App'x 20, 23-24 (11th Cir. 2012). As a result, the information "was constitutionally adequate and sufficiently informed [Masson] of the charge[s]" against him. *Id.*

Masson's other challenge to the information fares no better. He contends that the information was defective because it failed to disclose that "lewdness" was "an essential element of" possession of child pornography. (Doc. 2 at 8-9). According to Masson, the lewdness element requires a showing that "the possessor was responsible for the child's sexual conduct depicted in the material." (*Id.* at 37). Masson appears to acknowledge that this supposed element is not found in the language of § 827.071(5)(a). (*Id.* at 37-38). He argues, however, that the First Amendment protects "mere private possession of [child pornography] in the home." (*Id.* at 35). Thus, in Masson's view, a conviction for "mere" possession of child pornography "is unconstitutional" "absent a finding that the 'lewdness' element exists." (*Id.* at 37).

This argument is meritless. Section 827.071(5)(a) has never required proof that the defendant "was responsible for the child's sexual conduct depicted in the material." At the time of Masson's offenses, § 827.071(5)(a) made it a crime "for any person to knowingly possess, control, or intentionally view a photograph, motion picture, . . . or other presentation which, in whole or in part, he or she knows to include any sexual conduct by a child." Fla. Stat. § 827.071(5)(a) (2016). Thus, the statute contained only "three elements": "(1) the defendant knew he possessed, controlled, or viewed the [material], (2) the [material] included [any sexual conduct] by a child, and (3) the defendant knew the [material] included [any sexual conduct] by a child." *State v. Hubbs*, No. 4D2022-3048, 2023 WL 8441105, at *3 (Fla. 4th DCA Dec. 6, 2023); *see also* Fla. Std. Jury Instr. (Crim.) 16.11. Nothing in the statute required the State to also prove that a defendant was "responsible for a child's participation in a sexual performance." (Doc. 2 at 25).

Nor does the First Amendment impose such a requirement. Contrary to Masson's contention, "there is no First Amendment right to possess child pornography." *United States v. Smith*, 459 F.3d 1276, 1289 (11th Cir. 2006). Indeed, the Supreme Court has expressly held that states "may constitutionally proscribe the possession and viewing of child pornography." *Osborne v. Ohio*, 495 U.S. 103, 111 (1990); *see also, e.g.*, *United States v. Knox*, 32 F.3d 733, 750 (3d Cir. 1994) (noting that "the mere possession of

child pornography, even in one's home, may be criminalized"). Because the First Amendment does not protect the right to possess child pornography, there is no basis to conclude that § 827.071(5)(a) requires proof that the defendant "was responsible for the child's sexual conduct depicted in the material."

Appellate counsel was not deficient for failing to raise Masson's frivolous arguments. *See Brown v. United States*, 720 F.3d 1316, 1335 (11th Cir. 2013) ("[Petitioner's] attorneys can hardly be faulted for failing to raise what is likely a frivolous [claim]. It is also crystal clear that there can be no showing of actual prejudice from an appellate attorney's failure to raise a meritless claim."). Thus, the state appellate court reasonably rejected Masson's ineffective-assistance claim. Ground One is denied.

**Ground Two**

Masson contends that appellate counsel was ineffective for failing to argue on direct appeal that his guilty plea was "void/invalid" because "there [was] insufficient evidence to sustain his conviction." (Doc. 2 at 24, 31). Like Ground One, this claim rests on the mistaken premise that Florida's ban on possession of child pornography requires proof that a defendant "was responsible for a child's participation in a sexual performance." (*Id.* at 25). Masson argues that, because such evidence was lacking in his case, the State failed to establish a "factual basis" for his guilty plea. (*Id.* at 28-31).

The state appellate court rejected this ineffective-assistance claim without explanation. (Doc. 26-4, Ex. 30). Accordingly, Masson must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. He cannot do so.

The premise underlying Ground Two is false. As explained above, the statute Masson was charged with violating—§ 827.071(5)(a)—did not require proof that he "was responsible for a child's participation in a sexual performance." Instead, the statute contained only three elements: "(1) the defendant knew he possessed, controlled, or viewed the [material], (2) the [material] included [any sexual conduct] by a child, and (3) the defendant knew the [material] included [any sexual conduct] by a child." *Hubbs*, 2023 WL 8441105, at *3.

During the plea hearing, the prosecutor set forth a sufficient factual basis for Masson's plea. She stated that "on October 18th, 2016 within Hillsborough County," Masson (1) "did knowingly possess, control and intentionally view photographs, motion pictures, exhibitions, shows and digital images depicting what he knew to include sexual conduct by a child"; and (2) "did possess ten or more images of . . . any form of child pornography regardless of [] content and they included children involved in sexual activities." (Doc. 26-2, Ex. 12, at 78). The prosecutor explained that Masson was "charged with 100 counts" and "was found to be in possession of in excess

12

of 100 images which is the basis for the enhancement on all charges as well."
(*Id.*)

These assertions provided a sufficient factual basis for Masson's plea.
*See* Fla. R. Crim. P. 3.172(a) ("Before accepting a plea of guilty or *nolo contendere*, the trial judge shall determine that the plea is voluntarily entered and that a factual basis for the plea exists."). Therefore, appellate counsel was not deficient for failing to raise Masson's meritless contention that the plea lacked a factual basis. Because the state appellate court reasonably rejected Masson's ineffective-assistance claim, Ground Two is denied.[1]

## Conclusion

Accordingly, it is **ORDERED** that Masson's petition (Doc. 2) is **DENIED**. The **CLERK** is directed to enter judgment against Masson and to **CLOSE** this case.

It is further **ORDERED** that Masson is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a court must first issue a certificate of appealability. To obtain a certificate of appealability, Masson must show that reasonable

---

[1] To the extent that Masson raises an independent claim challenging the validity of his guilty plea, it fails for the reasons explained above.

jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Masson has not made the requisite showing. Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Masson must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida, this 11th day of March, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

14